**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BEVERLY A. ELLIS RODGERS                                                                    PLAINTIFF

VS.                                          4:09CV00694 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                      DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, Beverly A. Ellis Rodgers, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs (docket entries #12 and #13), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

Plaintiff claimed that she was disabled due to asthma. (Tr. 308). She also testified that, during the month prior to the hearing, she had become concerned about her liver. (Tr. 602). On

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

January 16, 2007, the Administrative Law Judge ("ALJ") conducted an administrative hearing at which Plaintiff and a vocational expert testified. Om July 27, 2007, the ALJ issued his decision concluding that Plaintiff had not been under a disability at any time through July 27, 2007, the date of his decision. (Tr. 22).

On July 31, 2009, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 6-8). Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2).

Plaintiff was 44 years old at the time of the hearing. (Tr. 601). She completed the ninth grade, and had no past relevant work. (Tr. 20, 601).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* §416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.* § 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.* § 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.* § 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.* § 416.920(a)(4)(v). If so,

benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her application date (Tr. 18); (2) had "severe" impairments consisting of periodic episodes of status asthmaticus and bronchospasm (asthma), chronic obstructive pulmonary disease exacerbated by cigarette use, and recurrent renal calculi (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4) was not entirely credible in her subjective complaints regarding her limitations (Tr. 20); (5) retained the residual functional capacity for a narrowed range of light work (*id.*); (6) had no past relevant work (*id.*); but (7) was able to perform other work, which jobs existed in significant numbers in the economy, for example, fast food worker (without excessive fumes) and office helper. (Tr. 21). Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

Plaintiff argues that the ALJ erred: (1) by holding her failure to follow medical advice (to stop smoking) against her; (2) by not including her anxiety and depression in his hypothetical question; and (3) by not ordering a consultative mental evaluation. The Court will briefly address Plaintiff's first argument and then discuss the final two together.

First, Plaintiff argues that the ALJ improperly dealt with her failure to follow medical advice to stop smoking. (Plaintiff's Brief at 8). Plaintiff asserts that she did stop smoking, although there are some indications she may have started again. *Id.* Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989); *see Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005)(claimant regularly missed medication checks and psychiatric appointments and did not take medications as prescribed). However, the ALJ did not deny her benefits based on her continued smoking; he merely noted her smoking in his credibility determination, which is proper. (Tr. 20). A failure to follow prescribed treatment weighs against a claimant's credibility. *E.g.*, *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007).

Plaintiff also argues that the ALJ should have included anxiety and depression in his VE hypothetical question and/or ordered a consultative mental evaluation. (Plaintiff's Brief 8-10).

Plaintiff did not originally allege that she was limited in her ability to work by anxiety or depression. (Tr. 308). However she did testify that she was taking Paxil. (Tr. 603, 608). She testified that the medication was for depression, mood swings, and stress. (Tr. 603). She indicated that her treating physician had her taking the Paxil twice a day, but the doctor also said that the dosage might need to be changed or increased. *Id.* At one point, the ALJ asked which doctor had prescribed "this psychotropic medication for your depression." (Tr. 605).

In February 2007, hospital records reflected Plaintiff's diagnoses of social problems and depression, for which she was taking Paxil 20mg twice a day. (Tr. 172-73). A history of anxiety and depression was noted. (Tr. 174). There are also references in the medical record to "nerves," "nerve pills," and that Plaintiff was taking Lexapro. (Tr. 268, 282, 288, 305, 307). There are several indications that Plaintiff was under outpatient psychiatric treatment. (Tr. 174, 442, 450, 559, 564)

The ALJ's decision does not discuss Plaintiff's mental health problems or their treatment. Given all of the preceding references to her mental health and treatment, that omission constitues reversible error. On remand, the ALJ should carefully update the medical record and ensure that he considers all of the evidence, including Plaintiff's mental health and treatment.

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter is remanded to the Commissioner for further proceedings consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 16th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE